**E-FILED**
Friday, 10 April, 2026 11:31:07 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

ERIC VAUGHN,
    Plaintiff,

v.

JENNIFER ORVIS, *et al.*,
    Defendants.

Case No. 2:26-cv-02089-JEH

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Danville Correctional Center ("Danville"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiff files suit against Warden Felicia Adkins, Counselor Jennifer Orvis, Supervisor of Clinical Services Claire Mullis, and Illinois Department of Corrections ("IDOC") Director Latoya Hughes.

Plaintiff states his mother passed away on July 16, 2023. Plaintiff alleges he requested a furlough to attend her funeral in person, but Defendant Warden Adkins arbitrarily denied his request, causing emotional distress, sleeplessness, and anguish. According to Plaintiff's grievance, which he attached to his Complaint, Plaintiff was permitted to attend the funeral by video. (Doc. 1-1 at p. 2).

Plaintiff alleges Defendant Counselor Orvis "asserted to Plaintiff on 7-14-23 that his history of 200 level tickets has caused the denial for furlough. [Plaintiff's] mother died 7-16-23, so the assertion that a CHAMP entry on computer was made on 7-14-23 at 9:33 AM. This is impossible since Plaintiff's mother passed away 2 days later. Causing additional anguish and stress." (Doc. 1 at p. 5).

Plaintiff alleges Defendant Mullis is the supervisor of Clinical Services. Plaintiff states he is suing Defendant Mullis in her official capacity. Plaintiff alleges Defendant Mullis' decision to deny his furlough request has contributed to his stress and emotional anguish.

## III

Plaintiff's Complaint fails to state a claim against Defendants Adkins, Orvis, Hughes, and Mullis. "Due process considerations, if applicable at all in this context, are satisfied if [Defendant] merely informs [Plaintiff] of the reason why his furlough request was denied." *Wyre v. Cross*, No. 14-CV-418-DRH, 2014 WL 1389658, at *4 (S.D. Ill. Apr. 9, 2014). Plaintiff alleges Defendant Warden Adkins arbitrarily denied his furlough request to attend his mother's funeral in person.

2

Plaintiff claims Defendant Counselor Orvis informed him his request was denied due to his disciplinary history.

Plaintiff alleges Defendant Orvis told him his furlough request was denied on July 14, 2023; however, Plaintiff's mother passed away on July 16, 2023. It is unclear from Plaintiff's Complaint what Defendant Orvis' involvement was in the alleged denial of his furlough request. Based on the exhibits attached to Plaintiff's Complaint, Defendant Orvis was the Grievance Counselor who responded to Plaintiff's grievance regarding the denial of his furlough request. In response to his grievance, Defendant Orvis stated: "The individual's funeral furlough was denied due to history of 200 level tickets." (Doc. 1-1 at p. 1). In *Gevas v. Mitchell*, the Seventh Circuit explained being involved in the grievance process alone is insufficient to establish personal involvement. 492 F. App'x 654, 660 (7th Cir. 2012); *see also Hemphill v. Obaisi*, 2019 WL 4345360, at *5 (N.D. Ill. 2019) (finding no violation where defendants' "only involvement in Hemphill's case was related to the grievance process," and there was no evidence that defendants "were personally involved in his medical treatment or any alleged delay").

Plaintiff named IDOC Director Hughes as a Defendant, but he did not include any specific allegations against her in his Complaint. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Plaintiff states he is suing Defendant Mullis in her official capacity as the supervisor of Clinical Services. It appears that Plaintiff is attempting to hold Defendant Mullis liable based solely on her supervisory role. There is no *respondeat superior* under § 1983. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct

of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc).

It also appears that Plaintiff's claim may be barred by the statute of limitations, as Plaintiff's allegations relate to events that occurred more than two years prior to the filing of his Complaint. Federal courts, in determining the statute of limitations for § 1983 claims, adopt the forum state's statute of limitations for personal injury claims. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 2022) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Illinois law provides a two-year statute of limitations for personal injury actions. *Kelly*, 4 F.3d at 511 (citing 735 ILCS 5/13-202). Federal law determines when the claim accrues. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Generally, a claim accrues when the plaintiff knows, or has a reason to know, of the injury giving rise to the cause of action. *Id.*

The limitations period is tolled while a prisoner completes the administrative grievance process. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)). However, failure to comply with mandatory grievance procedures makes tolling of the statute of limitations unavailable. *Santiago v. Snyder*, 211 F. App'x 478, 480 (7th Cir. 2007) (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002)).

According to the exhibits attached to Plaintiff's Complaint, Plaintiff filed a grievance on August 16, 2023. (Doc. 1-1 at p. 1). In response to Plaintiff's grievance, Defendant Counselor Orvis stated: "The individual's funeral furlough was denied due to history of 200 level tickets." *Id.* On October 3, 2023, the Grievance Officer recommended that Plaintiff's grievance should be denied. *Id.* at p. 11. On October 5, 2023, Defendant Warden Adkins concurred. *Id.* at p. 12. On October 24, 2023, Plaintiff appealed to the Administrative Review Board ("ARB"). *Id.* Plaintiff did not attach the ARB's decision to his Complaint or indicate when the ARB issued its decision on his appeal. Therefore, the Court is unable to determine if Plaintiff's

4

claims are barred by the statute of limitations. Out of an abundance of caution, Plaintiff will be given leave to file an Amended Complaint within 30 days of this Order.

If Plaintiff files an Amended Complaint, Plaintiff is instructed to identify the date the ARB issued its decision on his appeal or to attach a copy of the ARB's decision as an exhibit to his Amended Complaint.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: April 10, 2026

s/Jonathan E. Hawley
U.S. District Judge