E-FILED
Wednesday, 09 September, 2026 04:13:05 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

ERIC VAUGHN,
Plaintiff,

v.

JENNIFER ORVIS, *et al.*,
Defendants.

Case No. 2:26-cv-02089-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Danville Correctional Center ("Danville"). (Doc. 16). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Warden Felicia Adkins, Counselor Jennifer Orvis, Supervisor of Clinical Services Claire Mullis, and Illinois Department of Corrections ("IDOC") Director Latoya Hughes.

Plaintiff alleges Defendant Warden Adkins failed to properly review and submit his funeral furlough request to attend his mother's funeral. According to a grievance attached to his Amended Complaint, Plaintiff's mother passed away on July 16, 2023. (Doc. 16-1 at p. 1).

When Plaintiff inquired about his funeral furlough request, Defendants Counselor Orvis and Clinical Services Supervisor Mullis allegedly told Plaintiff the request had been submitted to Defendant Director Hughes, when in fact it had not. Plaintiff filed a grievance, to no avail.

After learning his funeral furlough request had not been submitted, Plaintiff and his family contacted Defendant Director Hughes, who instructed Plaintiff's family to contact staff at Danville. When Plaintiff's family members informed Defendant Hughes that they had already done so, Defendant Hughes allegedly told them she would follow up about the request. Plaintiff alleges Defendant Hughes misled Plaintiff and his family about the status of his request.

Plaintiff alleges he was denied the opportunity to attend his mother's funeral and instead was given a video visit in a crowded dayroom, which violated his privacy. Plaintiff alleges he requested a mental health crisis team. According to his grievance, the funeral occurred on August 1, 2023. *Id.* at p. 4.

In the Court's prior Merit Review Order, the Court noted it appeared Plaintiff's claims may be barred by the statute of limitations. (Doc. 10 at p. 4). The Court instructed Plaintiff to identify the date the Administrative Review Board ("ARB") issued its decision on his appeal or to attach a copy of the ARB's decision

as an exhibit to his Amended Complaint. *Id.* at p. 5. Plaintiff did not do so. (*See* Docs. 16 and 16-1).

**III**

The Seventh Circuit has clearly stated that federal law does not entitle a prisoner "to compassionate leave or for that matter even to have contact with their families in prison." *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) (citing *Merrit v. Broglin*, 891 F.2d 169 (7th Cir. 1989) and *Touissaint v. McCarthy*, 801 F.3d 1080, 1113 (9th Cir. 1986)). Courts in other circuits have also held that prisoners have no constitutional right to leave prison to attend a funeral, "that is, denial of permission to attend a funeral does not implicate any constitutionally protected liberty interest." *Pierre v. LCS Corr. Servs., Inc.*, No. 10–CV–0024, 2010 WL 5559754, at *5 (W.D. La. Oct. 20, 2010) (collecting cases); *see also Sorenson v. Minn. Dep't of Corr.*, No. 12–CV–1336, 2012 WL 3150722, at *3 (D. Minn. June 20, 2012) ("Federal courts have repeatedly held that prison inmates do not have a constitutional right to attend funerals" and collecting cases). Accordingly, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile because Plaintiff cannot allege a cognizable claim on these facts.**

2) **The Clerk is directed to enter judgment and close this case.**

3) **This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.**

**4) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as directed in the Court's prior Order. (*See* d/e 9).**

**5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: September 9, 2026

s/Jonathan E. Hawley
U.S. District Judge